## Mitchell, et al. v. Ford Elkhorn Mining Company.

(Decided May 11, 1923.)

## Appeal from Pike Circuit Court.

1. Boundaries—Coal Lease Boundary Line Held to Follow Meanders of Creek.—Where a coal lease boundary was described as beginning at the line of a railroad on a certain line, thence up a creek to the mouth of a ditch, thence with the ditch to a tree standing on the upper side of the railroad, etc., the description was clear and unambiguous, and the first line follows the meanders of the creek to the mouth of the ditch, which was crossed by the railroad some distance above its mouth, and does not run either on a straight line from the beginning point to the intersection of the ditch and railroad right of way, nor follow such right of way to that point.

2. Evidence—Parol Evidence of Offer to Purchase Disputed Strip is Not Competent to Vary Description.—In a suit involving the boundary of a coal lease, parol evidence of an offer by the lessee to purchase the fee of the tract in controversy was neither competent nor sufficient to vary the plain terms of the written lease.

PICKLESEIMER & STEELE and J. E. CHILDERS for appellants.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellants own a tract of land in Pike County, upon which appellee owns and operates a coal lease. The only question involved in this action is the location of the first line in the description of the boundary in the lease to appellee. The whole boundary is thus described:

"Beginning at line of S. V. & E. R. R. Co., on line of Marr's heirs, thence up Shelby creek to the mouth of a ditch; thence with ditch to an apple tree standing on the upper side of S. V. & E. R. R.; thence down the point with Marr's heirs line to the beginning, excluding the right-of-way of S. V. & E. R. R. Company."

It is the contention of appellee, and the lower court held, that the line "thence up Shelby creek to the mouth of the ditch" follows the meanders of the creek to the mouth of the ditch, while it is the contention of appellants that the line does not follow the creek but is either a straight line from the beginning point, which is not in controversy, to a point on the ditch at which the railroad crosses it, or else follows the railroad right-of-way from the beginning point to its intersection with the ditch.

If the contention of the appellee is correct, the lease covers about four acres of bottom land between Shelby creek and the railroad right-of-way, but if appellants are correct in their contention, this land or most of it is not included in the lease.

That there is no merit whatever in the contention of appellants seems almost too clear to us for argument, since it would seem that by saying "thence up Shelby creek" it was intended that Shelby creek should be the line, and that this is so is made entirely clear by the fact that this line runs to the mouth of the ditch, and not to the point on the ditch where the railroad right-of-way crosses it. The fact that the end of this line up Shelby creek is at the mouth of the ditch, and not at a point some distance above the mouth where the railroad crosses the ditch, makes it absolutely impossible to reconcile appellants' contention with the description in the lease.

There is no claim of any fraud or mistake in the execution of the lease, and the question therefore is simply one of construction of language which seems to us so clear and unambiguous as to admit of but one construction, which is that the line runs with Shelby creek to the mouth of the ditch, as held by the lower court, and not that it runs with the railway right-of-way, or in a straight

line, to a point on the ditch some distance above its mouth.

The fact that appellee offered to buy this piece of land from appellants after this controversy arose, and to pay them $10,000.00 for same, was neither competent nor sufficient to vary the plain terms of the written lease. It, at most, indicates a willingness upon the part of the appellee, in order to avoid a controversy, to buy the fee in a part of the land upon which it had a lease.

Judgment affirmed.