## Mullins v. Hale.

May 26, 1950.

Edward P. Hill, Judge.

W. R. McCoy for appellant.

Earle Cassady for appellee.

CLAY, COMMISSIONER—Affirming.

This action involves the title to a small tract of

116

land in Martin County, and the controversy as we see it concerns the proper constructon of one call in a deed.

In 1939 appellant conveyed a tract of one acre, more or less, to appellee's predecessor in title. The description in the deed started at a white oak tree "on the lower side of Davis Branch; thence down the branch to the county road." The branch now lies several feet west of the oak. If a straight line is run from the oak to the county road, as appellant contends should be done, her land includes the triangular disputed area. If the line is run from the oak to the branch and then along the meanders of the branch to the county road, as the Chancellor decided, appellee has title to the disputed strip.

We do not know how to interpret the phrase "down the branch" as meaning anything else except down the branch. The stream was obviously intended as a natural boundary of some sort. A straight line from the oak to the county road would completely ignore this boundary and would be an artificial line with no designated corner on the road. We think the several references in the deed to Davis Branch, and particularly the designation "down the branch," clearly establishes it as the eastern boundary of the property. See cases cited in Carter et al v. Elk Coal Company et al, 173 Ky. 378, 191 S.W. 294; and Mitchell et al. v. Ford Elkhorn Mining Company, 199 Ky. 131, 250 S.W. 811.

The judgment is affirmed.